**XIU LAN ZOU, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–3358–ag.**

United States Court of Appeals, Second Circuit.

March 28, 2008.

Melissa Desvarieaux, Christophe & Associates, P.C., New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Mark C. Walters, Assistant Director, Annette M. Wietecha, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Lan Zou, a native and citizen of China, seeks review of a July 11, 2007 order of the BIA affirming the August 22, 2005 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons, denying Zou's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zou,* No. A95 673 374 (B.I.A. July 11, 2007), *aff'g* No. A95 673 374 (Immig. Ct. N.Y. City Aug. 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (En Banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

We note at the outset that in her brief to this Court, Zou challenges only the denial of her applications for withholding of removal and CAT relief. In addition, to the extent that Zou argues that she is likely to be persecuted on account of her mother's forced sterilization, her beliefs regarding the family planning policy, or her general opposition to the Communist regime, we decline to review those arguments where they were not exhausted before the BIA. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20, 124 (2d Cir.2007); *Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004).

To the extent that the agency denied withholding of removal and CAT relief based on Zou's claims regarding her illegal departure from China, we find no error in the agency's decision. However, we have held that any harm an applicant may face based on her illegal departure would constitute prosecution, not persecution. *See Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992) ("[p]unishment for violation of a generally applicable criminal law is not persecution."); *see also In re Sibrun,* 18 I. & N. Dec. 354 (B.I.A. 1983).[2]

We thus find no error in the agency's denial of Zou's application for withholding of removal.

Zou also contends that the agency erred in denying her application for CAT relief. We have held that without any particularized evidence, an applicant cannot demonstrate that he or she is more likely than not to be tortured "based *solely* on the fact that she is part of the large class of persons who have illegally departed China" and on generalized evidence indicating that torture occurs in Chinese prisons. *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005) (emphasis in the original). Here, Zou refers to documents indicating that some repatriated individuals are imprisoned and that Chinese prisoners are tortured. Such evidence, however, provides no basis for the agency to conclude that she, or someone in her "particular alleged circumstances," faces an elevated risk of torture. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003). Accordingly, the BIA did not err in denying Zou's application for CAT relief.

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED.

---

**2.** This case must be distinguished from those in which an individual faces "long years of imprisonment" simply for having fled a cruel dictatorship. *Cf. Sovich v. Esperdy,* 319 F.2d 21, 29 (2d Cir.1963). Here, the agency evaluated the record and found that Zou had failed

to show that she would face "particularly harsh punishment."

